**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

NAHOM MEZGEBE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65178

FILED

JUL 31 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit burglary and attempt invasion of the home. Eighth Judicial District Court, Clark County; Nancy Becker, Sr. Judge; Abbi Silver, Judge.

First, appellant Nahom Mezgebe contends that the evidence presented at trial was insufficient to support his conviction for attempt invasion of the home. Mezgebe argues that the State failed to present sufficient evidence that he was the principal, an aider or abettor, or part of a conspiracy. We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

The victim testified that her front doorbell rang and she looked out the peephole to see a man she later identified as Mezgebe. The victim moved to a window and saw Mezgebe get into the passenger side of a car and leave. The car then stopped behind the victim's backyard. The victim testified that Mezgebe wore gloves, went into the backyard, and looked through the lower-level windows and sliding glass door. She

Supreme Court
of
Nevada

(O) 1947A

15-23159

testified that the driver of the car did the same. The victim heard the sliding screen door move. The victim then heard three loud bangs on the front door. She saw the men drive off in the car and police cars chase after it. When she went downstairs, the victim noticed the front door was cracked open, the casing and lock had come off, and there was wood all over the floor. Additionally, there were shoeprints left on the door that a crime scene analyst visually compared to the shoes recovered from Mezgebe and found them to have a similar pattern and structure. When Mezgebe was picked up by police near an accident involving a car matching the victim's description, he told them he had been in the car and had gone to the house to buy weed. A pair of batting gloves was found on the passenger side.

We conclude that a rational juror could reasonably infer from this evidence that Mezgebe attempted invasion of the home. *See* NRS 193.330; NRS 205.067; *Thomas v. State*, 114 Nev. 1127, 1143, 967 P.2d 111, 1122 (1998) (concluding that "a coordinated series of acts furthering the underlying offense is sufficient to infer the existence of an agreement," and thus is sufficient evidence to convict a defendant of conspiracy (internal quotation marks omitted)). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Second, Mezgebe contends that the district court erred by ruling that the State could impeach him with a limited question as to whether he was aware that upon conviction his immigration status could be affected and could result in removal. The district court determined that

a limited question would be permissible as it went to bias or a motive to fabricate. Mezgebe argues that the evidence was not relevant, was more prejudicial than probative, and that it invaded the attorney-client privilege. We review the district court's decision for an abuse of discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

"Although district courts have wide discretion to control cross-examination that attacks a witness's general credibility, a trial court's discretion is . . . narrow[ed] where bias [motive] is the object to be shown, and an examiner must be permitted to elicit any facts which might color a witness's testimony." *Lobato v. State*, 120 Nev. 512, 520, 96 P.3d 765, 771 (2004) (alterations in original) (internal quotation marks omitted). The district court acknowledged that impeachment evidence by its very nature is often prejudicial, but ultimately ruled that the question was relevant and more probative than unfairly prejudicial. We discern no abuse of discretion. *See Baltazar-Monterrosa v. State*, 122 Nev. 606, 619, 137 P.3d 1137, 1145-46 (2006) (concluding that the district court erred by disallowing the opportunity to impeach a witness with adverse immigration consequences); *Honeycutt v. State*, 118 Nev. 660, 674, 56 P.3d 362, 371 (2002) ("[T]he State is entitled to test the credibility of the defendant."), *overruled on other grounds by Carter v. State*, 121 Nev. 759, 121 P.3d 592 (2005); *see also United States v. Garcia*, 994 F.2d 1499, 1507 (10th Cir. 1993) ("Defendant's knowledge that he would be deported if convicted is relevant to impeach Defendant's credibility.").

Mezgebe also argues that the question would have invaded the attorney-client privilege as he would have been forced to waive the privilege on redirect examination in order to present evidence that he realized the potential for removal only after talking to the police. Mezgebe

concedes that his answer to the State's question would not have disclosed confidential communications, and the district court determined that it was irrelevant how Mezgebe knew the information and that the attorney-client privilege was not implicated so long as no one asked the source of the information. We discern no abuse of discretion by the district court.

Third, Mezgebe contends that the district court abused its discretion by denying his proposed jury instructions and corresponding verdict form for the lesser-related offenses of malicious destruction of private property and trespass. Mezgebe acknowledges that defendants are no longer entitled to, nor are district courts required to give, lesser-related-offense jury instructions, *see Peck v. State,* 116 Nev. 840, 845, 7 P.3d 470, 473 (2000), *overruled on other grounds by Rosas v. State,* 122 Nev. 1258, 147 P.3d 1101 (2006), but argues that he gave ample notice of his intent to seek the instructions and verdict form and that the instructions also served as theory-of-defense instructions. The district court indicated that it would give an instruction on Mezgebe's theory of defense—that he committed other crimes the State didn't charge and therefore must be acquitted[1]—but refused a verdict form that contained uncharged offenses and jury instructions that stated Mezgebe could be found guilty of uncharged, lesser-related offenses. Mezgebe fails to demonstrate the district court abused its discretion by denying his lesser-related-offense jury instructions and verdict form. *See Ouanbengboune v.*

---

[1]Jury Instruction No. 27 informed the jury that, while it may have heard evidence that Mezgebe committed uncharged crimes, its verdict should not be impacted by any belief in his guilt for the uncharged crimes and that a not guilty verdict must be returned if the State failed to prove beyond a reasonable doubt that he committed a charged offense.

*State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009) ("This court reviews a district court's decision to issue or not to issue a particular jury instruction for an abuse of discretion.").

Having considered Mezgebe's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chief Judge, The Eighth Judicial District Court
Eighth Judicial District Court Dept. 15
Hon. Nancy Becker, Senior Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A